

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# USA v. Anthony Briscoe

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2104

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Anthony Briscoe" (2009). *2009 Decisions*. Paper 1260.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2104

_____

UNITED STATES OF AMERICA

v.

ANTHONY MARK BRISCOE,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 1:06-cr-00083-001)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2009

_____

Before: AMBRO, ROTH, and ALARCÓN*, Circuit Judges

(Opinion Filed: June 1, 2009)

_____

OPINION OF THE COURT

_____

ALARCÓN, Circuit Judge

* The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

Anthony Briscoe ("Briscoe") was convicted of one count of possessing, with the intent to distribute, more than 50 grams of cocaine base and two counts of distributing more than five grams of cocaine base. In this appeal, Briscoe challenges the District Court's finding that he possessed over 50 grams of cocaine base. Briscoe also contends, for the first time on appeal, that the Government's expert testimony should have been stricken. For the following reasons, we will affirm the District Court.

## I

On August 1, 2006, the Grand Jury for the District of Delaware returned a three-count indictment against Briscoe. Count I charged Briscoe with possession with intent to distribute over 50 grams of cocaine base on July 20, 2006, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (the "July 20, 2006 buy").[1] Counts II and III charged Briscoe with distribution of more than five grams of cocaine base on April 14, 2006 and March 20, 2006, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The District Court held a bench trial on May 21, 2007. The only contested issue at trial was the amount of cocaine base Briscoe possessed with regard to Count I—i.e., whether he possessed 50 grams or more of cocaine base on July 20, 2006.

---

[1] The DEA set up the July 20, 2006 buy between a confidential source ("CS") and Briscoe. During the telephone conversations between the CS and Briscoe, the CS agreed to purchase two ounces, or 56.6 grams, of crack cocaine from Briscoe on July 20, 2006 for $1,600.00.

1

At trial, the Government called three Drug Enforcement Administration ("DEA") agents to testify. Special Agent David B. Hughes testified the gross weight, meaning the cocaine base and its packaging of the July 20, 2006 buy was 79.62 grams.

Stacy Turner, a DEA forensic chemist, testified that she received the crack cocaine from the July 20, 2006 buy on September 8, 2006 and analyzed the drugs on September 12, 2006. She testified that the cocaine base had a gross weight of 80.0 grams. Ms. Turner was not able to remove all of the cocaine base from its packaging as it was, as she noted, "extremely wet" and the substance adhered to the sides of the packaging. She testified that the cocaine base had a net weight, meaning the cocaine base without its packaging, of 51.5 grams.

Ms. Turner removed 1.5 grams for testing, leaving a reserve weight of 50.0 grams. Ms. Turner used a Sartorious digital scale or balance to weigh the cocaine base. This scale or balance is calibrated every month in-house, and every year by an outside agency. The scale or balance is certified as accurate to the hundredth of a gram, or two decimal places.

Ms. Turner testified that crack cocaine loses weight over time due to water evaporating from the substance and that evaporation could occur even if the substance was stored in a heat-sealed package. Ms. Turner stated that she did not know the rate of the evaporation, but only that evaporation occurs over a period of time. Special Agent

2

Eric Miller also testified crack cocaine decreases in weight over time because of evaporation.

When asked by the District Court about the difference between the gross weight recorded by Special Agent Hughes and the gross weight she recorded, Ms. Turner stated that the weights agents obtain in the field often differ from those that the chemists obtain. Ms. Turner speculated that because she uses a different balance than the agents, the difference in weights had to do with the calibration of the balances.

Dr. Margaret Beth Minnigh testified for the defense. Dr. Minnigh re-weighed the cocaine base after she was retained in December 2006. Dr. Minnigh testified that a small amount of the cocaine base remained in the plastic bags because she could not remove all of it from its packaging due to its being moist. Dr. Minnigh could not testify as to how much residue remained in the packaging. Dr. Minnigh determined that the cocaine base had a net weight of 47.41 grams. Dr. Minnigh testified that variances in the weight of a drug sample that has been weighed numerous times are common.

Following written briefing by the parties, the District Court issued its opinion on November 13, 2007. The District Court concluded that the "government has met its burden of proving the elements of the offenses charged in Counts I-III of the Indictment beyond a reasonable doubt." *United States v. Briscoe*, No. 06-cr-00083, 2007 WL 3348333, at *6 (D. Del. Nov. 13, 2007). The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291.

3

**A**

Briscoe contends that the District Court erred in concluding that the Government established, beyond a reasonable doubt, that he possessed more than 50 grams of cocaine base with regard to the July 20, 2006 buy. Under *Apprendi v. New Jersey*, any fact, other than the fact of a prior conviction that increases the statutory maximum penalty, must be submitted to a judge or jury and proven beyond a reasonable doubt. 530 U.S. 466, 490 (2000). Here, the statutory penalty increases if the weight of the cocaine base is 50 grams. *Compare* 21 U.S.C. § 841(b)(1)(A) (sentence for possessing 50 grams or more of cocaine base "shall be . . . not be less than 10 years or more than life") *with* 21 U.S.C. § 841(b)(1)(B) (sentence for possessing five grams or more of cocaine base "shall . . . not be less than 5 years and not more than 40 years"). Accordingly, *Apprendi* required the Government to prove beyond a reasonable doubt that Briscoe possessed 50 grams or more of cocaine base on July 20, 2006.

In determining whether the evidence was sufficient to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

We are persuaded that substantial evidence supports the District Court's finding regarding the weight of the cocaine. The District Court found that Ms. Turner recorded a net weight of 51.5 grams. She used a scale that was certified as accurate to the hundredth

4

of a gram and which she testified was "a hundred percent accurate." Furthermore, Briscoe's expert, Dr. Minnigh, testified that it is not possible to remove all of the substance from the packaging in weighing the cocaine base. This results in a lower reported weight. "Dr. Minnigh recorded 47.41 grams as the weight of the substance, but testified that drug weights can vary, and had no specific experience with the changes in crack cocaine over time." *Briscoe*, 2007 WL 3348333, at *5.

The District Court found that the record shows that evaporation occurs more rapidly once a sample of crack cocaine is exposed to the air or after a sample has been ground because more surface area is exposed. Ms. Turner testified that when she weighed and tested the sample of crack cocaine, she exposed it to the air and also ground the sample.

We are persuaded that substantial evidence supports the District Court's determination that the Government proved, beyond a reasonable doubt, that Briscoe possessed with intent to deliver over 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

**B**

Briscoe claims that Ms. Turner's testimony should have been stricken, *sua sponte*, because she failed to offer "any scientific or empirically based explanation for the apparent weight gain experienced by the crack cocaine." Appellant's Br. at 18. Relying on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Briscoe argues

that the drugs' recorded gross weight increased between July 2006 and September 2006. Consequently, he contends, Ms. Turner's testimony that she was "a hundred-percent confident" that the crack cocaine weighed over 50 grams cannot be reconciled with both Special Agent Miller's and Ms. Turner's testimony that crack cocaine loses weight over time.

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony. It provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2000). This Court has stated that "where the opposing party does not sufficiently call these issues into question, we will not find plain error merely because the District Court did not conduct an extensive *Daubert* analysis on the record." *United States v. Mornan*, 413 F.3d 372, 380-81 (3d Cir. 2005) (finding "no error (let alone a plain error) in the District Court's decision to allow [a handwriting expert's] testimony and to allow the jury to determine what weight to give her 'less-than-certain' conclusions").

Ms. Turner testified that, based on her experience, cocaine base tends to lose weight over time. Special Agent Miller expressed the same opinion. Ms. Turner further testified that in her experience she had never seen crack cocaine gain weight over time. Ms. Turner's testimony regarding why the gross weight of the cocaine base was greater during the field test than it was during her test was not part of her expert testimony. Rather, it was mere conjecture in response to the District Court's inquiry. In contrast, the testimony and evidence regarding the accuracy of the scale Ms. Turner used to weigh the cocaine base provides substantial evidence that Briscoe possessed more than 50 grams of cocaine base with regard to the July 20, 2006 buy. Accordingly, Briscoe's contention that Ms. Turner's expert testimony should have been stricken fails.

## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.